IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 06-4006-01-CR-C-NKL |
| ) | |
| MAURICE KENDELL GRIFFITH, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

ORDER

Pending before the Court is Defendant Maurice Kendell Griffith's Renewed Motion for Judgment of Acquittal or, in the alternative, Motion for New Trial [Doc. # 69]. Griffith challenges the sufficiency of the evidence supporting his conviction for being a felon in possession of a firearm because he did not own the car in which the firearm at issue was discovered and he denies ever telling the officers who testified against him that he needed it for protection.

Evidence is sufficient to sustain a conviction if, viewed in the light most favorable to the Government, it offers substantial support for the verdict. *United States v. Marin-Cifuentes*, 866 F.2d 988, 992 (8th Cir. 1989). In *United States v. Boyd*, 180 F.3d 967 (8th Cir. 1999), Boyd challenged the sufficiency of the evidence to support the jury verdict finding him guilty of being a felon in possession of a firearm that was recovered

1

from a motel room occupied by Boyd. The court of appeals found that evidence that the gun was found in close proximity to Boyd, as well as his admission to officers that he had the gun for protection, was sufficient to sustain the guilty verdict. *Id.*

In this case, the uncontradicted evidence established that the firearm was found in close proximity to where Griffith had been seated immediately prior to his arrest. Moreover, Griffith was observed leaning forward, and reaching down toward the area from which the gun was recovered. Finally, Griffith admitted to Officer Mitchell that he had borrowed the gun from an acquaintance in Kansas City earlier that day, because something had occurred which caused him to feel unsafe without a gun. Ample evidence was presented to support the jury's guilty verdict. The jury also heard testimony from the officers to whom Griffith made the statements that were used against him. The jury's assessment of the officers' credibility was supported by the evidence.

In the alternative, Griffith requests a new trial based on a claim that no African-Americans were present on the venire panel from which the jury was selected. The Sixth Amendment guarantees a criminal defendant a criminal trial "by an impartial jury of the state and district wherein the crime shall have been committed." U.S. Const. Amend. VI. The Supreme Court has previously interpreted this amendment to guarantee a criminal defendant a jury drawn from a source fairly representative of the community. *Taylor v. Louisiana*, 419 U.S. 522, 530 (1975). To establish a violation of this "fair cross-section" requirement, appellants must show (1) that the group alleged to have been excluded is a "cognizable" or "distinctive group" within the community; (2) that

2

representation of this group in venires was not fair and reasonable in relation to the number of such persons in the community; and (3) that the under-representation was due to the systematic exclusion of the group in the jury selection process. *Duren v. Missouri*, 439 U.S. 357, 364 (1979). In order to make out a prima facie case of an equal protection violation in the composition of a jury, a defendant must show that an identifiable, distinct class has been substantially under-represented in the source from which jurors have been drawn over a significant period of time. *United States v. Horne*, 4 F.3d 579, 588 (8th Cir. 1993).

In this case, Griffith has presented no evidence establishing that the absence of African-Americans on the venire panel was "due to the systematic exclusion of the group in the jury selection process." Consequently, he is not entitled to a new trial. Nor was his trial deficient due to the absence of a jury instruction defining "knowingly." In *United States v. Williams*, 923 F.2d 76, 78 (8th Cir. 1991), the court of appeals considered a defendant's claim that he was entitled to an instruction defining "knowingly" in his prosecution for being a felon in possession of a firearm. In rejecting his claim, the court held that "it is clear that in this circuit appellant was not entitled to a definition of 'knowingly'." *Id.* The Eighth Circuit Manual of Model Criminal Instructions (2003 Revised Edition) provides that "the Committee believes that in most cases the word 'knowingly' does not need to be defined." *Id.* § 7.03, p. 534.

The Court has also considered the evidentiary rulings challenged by Griffith and finds them in keeping with Eighth Circuit precedent and the Federal Rules of Evidence.

3

Case 2:06-cr-04006-SRB   Document 71   Filed 10/17/06   Page 3 of 4

Accordingly, Defendant Griffith's Renewed Motion for Judgment of Acquittal or, in the alternative, Motion for New Trial is DENIED.

IT IS SO ORDERED.

        S/NANETTE K. LAUGHREY
        NANETTE K. LAUGHREY
        United States District Judge

Dated: October 17, 2006
Jefferson City, Missouri